IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-01207-CMA-KMT

EDDIE L. SIMON, JR.,

    Plaintiff,

v.

BURTLOW, Warden,
THE ATTORNEY GENERAL OF THE STATE OF COLORADO, and
DEAN WILLIAMS, Director of Prisons,

    Defendants.

---

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the August 17, 2021 Recommendation of United States Magistrate Judge (Doc. # 68), wherein United States Magistrate Judge Kathleen M. Tafoya recommends that this Court grant both Defendant Weiser's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. # 53) and Defendants Burtlow and Williams' Corrected Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. # 62). The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). For the following reasons, the Court affirms and adopts the Recommendation over Plaintiff's objection.

    **I.**    **BACKGROUND**

Plaintiff, Eddie L. Simon, Jr., who proceeds *pro se*, is incarcerated in the Colorado Department of Corrections ("CDOC") at the Fremont Correctional Facility

("FCF"). In his Amended Prisoner Complaint, filed on May 18, 2020, Plaintiff asserts claims against Defendants under 42 U.S.C. § 1983 for alleged violations of his rights under the Eighth, Ninth, and Fourteenth Amendments. (*Id.* at 6–7.) Specifically, Plaintiff contends he is in imminent danger from COVID-19 because Defendants have been unable to implement effective, preventative measures at FCF, and he anticipates an outbreak in that facility. Plaintiff states that the only adequate relief is for the Court to order Defendants to immediately release him from FCF and place him in an intensive parole supervision program. (*Id.* at 5.) Plaintiff seeks injunctive relief in the form of immediate release from custody only. (*Id.* at 13.)

Defendants move to dismiss the claims against them in their entirety pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Plaintiff filed a response to Defendants Burtlow and Williams' Motion, to which Defendants Burtlow and Williams filed a reply. (Doc. ## 35–36.) Plaintiff failed to file a response to Defendant Weiser's Motion. On August 17, 2021, Judge Tafoya issued the instant Recommendation. (Doc. # 68.) Therein, she recommends granting the Motions to Dismiss, dismissing Plaintiff's Section 1983 claims with prejudice, and declining to exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff timely filed a one-page, non-specific objection to the Recommendation. (Doc. # 69.)

## II.  LEGAL STANDARDS

### A.  REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected

to." An objection is properly made, and therefore preserves an issue for *de novo* review by the district judge, if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). "In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

**B.**   ***PRO SE* PLAINTIFF**

Plaintiff proceeds *pro se*. The Court, therefore, reviews his pleading "liberally and hold[s] [it] to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not "supply additional factual allegations to round out a plaintiff's complaint" or "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991). Nor does *pro se* status entitle a litigant to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### C.     FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)

Rule 12(b)(1) provides for challenges to a court's subject matter jurisdiction. *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1294 (10th Cir. 2003). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Dismissal is appropriate under Rule 12(b)(6) if the plaintiff fails to state a claim upon which relief can be granted. To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility in this context means that the plaintiff pled factual content which allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The plausibility standard is not a probability requirement, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*,

935 F.2d at 1198. However, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc. v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### III.   DISCUSSION

In his Complaint, Plaintiff asserts Section 1983 claims and state law claims for negligence and intentional infliction of emotional distress. Fundamentally, Plaintiff is concerned about the potential spread of COVID-19 at FCF and the potential health risks of contracting COVID-19. He seeks one form of relief—an injunction requiring his immediate release from custody.

### A.   THE RECOMMENDATION

In her Recommendation, Judge Tafoya first concludes that Plaintiff's Section 1983 individual-capacity claims for injunctive relief must be dismissed because government officials acting in their individual capacities are immune from suit for injunctive relief under Section 1983. *See Hafer v. Melo*, 502 U.S. 21, 22, 30 (1991); *Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011) ("Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief.").

Judge Tafoya goes on to conclude that Plaintiff's request for injunctive relief in the form of immediate release—the only relief Plaintiff seeks in this case—must be denied because "release from custody is not an available remedy in a § 1983 action."

5

*See Brown v. Sedgwick Cnty. Sheriff's Office*, 513 F. App'x 706, 707 (10th Cir. 2013); *see also Graham v. Waters*, 805 F. App'x 572, 578 (10th Cir. 2020) (An inmate's "request for an injunction ordering his immediate release from custody is not a cognizable request for relief in this § 1983 claim."); *cf. Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . his sole remedy is a writ of habeas corpus").

Finally, Judge Tafoya recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims for negligence and intentional infliction of emotional distress pursuant to 28 U.S.C. § 1367(c)(3). *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *Gaston v. Ploeger*, 297 F. App'x 738, 746 (10th Cir. 2008) (citations omitted) (noting the Tenth Circuit has "repeatedly recognized that this is the preferred practice.").

### B. PLAINTIFF'S OBJECTION

In order to be properly made and, therefore, to preserve an issue for *de novo* review by the district judge, an objection must be both timely and specific. *One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d at 1059–60. In this case, Plaintiff vaguely objects to the Recommendation, arguing that it is a death sentence because his continued incarceration will cause him to contract new variants of COVID-19. *See* (Doc. # 69 at 1). Plaintiff fails to object to any of Judge Tafoya's findings of fact or legal conclusions, failing to even mention her analysis. Thus, Plaintiff's objection is

improper due to lack of specificity. Because Plaintiff's objection is not properly made, the Court reviews the Recommendation under a clear error standard. *See Summers*, 927 F.2d at 1167.

## C.     CLEAR ERROR ANALYSIS

After reviewing the Recommendation, in addition to applicable portions of the record and relevant legal authority, the Court is satisfied that the Recommendation is sound and not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a). The Court agrees with Judge Tafoya that Plaintiff's Section 1983 claims against Defendants in their individual capacities are barred pursuant to *Brown v. Montoya*, 662 F.3d at 1161 n.5, and that Plaintiff's claim for injunctive relief is barred because "release from custody is not an available remedy in a § 1983 action." *See Brown v. Sedgwick Cnty. Sheriff's Office*, 513 F. App'x at 707; *see also Graham*, 805 F. App'x at 578. Lastly, having dismissed Plaintiff's federal claims, the Court agrees that declining to exercise supplemental jurisdiction over Plaintiff's state law claims is proper. *See United Mine Workers of Am.*, 383 U.S. at 726; *see also Strain v. Regalado*, 977 F.3d 984, 997 (10th Cir. 2020) (holding that a district court, upon dismissing a pretrial detainee's federal claims, did not abuse its discretion by declining to exercise supplemental jurisdiction over remaining state law claims). Accordingly, finding no clear error, the Court affirms the Recommendation.

## IV.     CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- the August 17, 2021 Recommendation of United States Magistrate Judge (Doc. # 68) is AFFIRMED and ADOPTED as an Order of this Court;

- both Defendants Burtlow and Williams' Corrected Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. # 62) and Defendant Weiser's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. # 53) are GRANTED;

- Plaintiff's claims asserted under 42 U.S.C. § 1983 are hereby DISMISSED WITH PREJUDICE because amendment of the complaint with respect to these claims would be futile. *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (holding that when the plaintiff is proceeding *pro se*, dismissal with prejudice is appropriate only "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend");

- the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, which are hereby DISMISSED WITHOUT PREJUDICE. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) (dismissals for lack of jurisdiction must be without prejudice);

- Plaintiff's Motion for Appointment of Counsel (Doc. # 56) is DENIED AS MOOT; and

- the Clerk of Court is directed to close this case.

DATED: September 7, 2021

BY THE COURT:

*[signature]*
CHRISTINE M. ARGUELLO
United States District Judge